# IN THE SUPREME COURT OF IOWA

No. 16–0540

Filed November 18, 2016

**STATE OF IOWA,**

   Appellant,

vs.

**ERIC D. COLEMAN,**

   Appellee.

Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown, Judge.

The State of Iowa seeks reversal of a district court order requiring recalculation of inmate's earned-time credit. **DISTRICT COURT JUDGMENT AFFIRMED.**

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellant.

Eric D. Coleman, Coralville, pro se.

**PER CURIAM.**

Eric D. Coleman, an offender incarcerated under the control of the Iowa Department of Corrections (IDOC), challenges its calculation of his earned-time credit. The same legal issue is presented in *Breeden v. Iowa Department of Corrections*, ___ N.W.2d ___ (Iowa 2016), decided today. Our holding in *Breeden* is dispositive and requires that Coleman's earned-time credit be recalculated at the rate of 1.2 days for each day of good conduct. *Id.* at ____.

Coleman pled guilty to second-degree robbery in violation of Iowa Code sections 711.1 and 711.3 in August of 2009 and was sentenced to an indeterminate term of incarceration not to exceed ten years. He was age seventeen when he committed the offense. Second-degree robbery is a crime listed in Iowa Code section 902.12 (2009), that requires offenders to serve a mandatory minimum term of seven-tenths, or seventy percent, of their sentence before being eligible for parole or work release. The IDOC calculated Coleman's accumulation of earned time according to Iowa Code section 903A.2(1), which provides,

> For purposes of calculating the amount of time by which an inmate's sentence may be reduced, inmates shall be grouped into the following two sentence categories:
>
> *a.* Category "A" sentences are those sentences which are not subject to a maximum accumulation of earned time of fifteen percent of the total sentence of confinement under section 902.12. . . . An inmate of an institution under the control of the department of corrections who is serving a category "A" sentence is eligible for a reduction of sentence equal to one and two-tenths days for each day the inmate demonstrates good conduct and satisfactorily participates in any program or placement status identified by the director to earn the reduction. . . .
>
> . . . .
>
> *b.* Category "B" sentences are those sentences which are subject to a maximum accumulation of earned time of fifteen percent of the total sentence of confinement under section 902.12. An inmate under the control of the

department of corrections who is serving a category "B" sentence is eligible for a reduction of sentence equal to fifteen eighty-fifths of a day for each day of good conduct by the inmate.

The IDOC classified Coleman's sentence as category "B" and calculated his earned time at a rate of fifteen eighty-fifths of a day per each day served.

On July 21, 2014, Coleman filed a pro se motion for correction of an illegal sentence based on *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014) (holding automatic mandatory minimum sentences for juvenile offenders constitute cruel and unusual punishment under the Iowa Constitution). On October 28, the Iowa District Court for Des Moines County resentenced Coleman to an indeterminate term not to exceed ten years, *without* the mandatory minimum. The new sentencing order stated, "The defendant is to be given credit for time served," but did not designate an earned-time accumulation rate. The IDOC continued to calculate his earned time at fifteen eighty-fifths of a day per day (category "B"), rather than the faster 1.2 days per day served (category "A"). As such, Coleman's tentative discharge date (TDD), the earliest date he could discharge his sentence, assuming he had all potential earned time, remained at June 19, 2018. Under category "A," Coleman's TDD would have been December 27, 2013.

On February 15, 2016, Coleman filed a pro se motion to enlarge the sentencing order, claiming that the IDOC was not giving him full credit for his time served. On March 3, the district court entered an order stating:

> It is not clear from [Coleman's] pleadings how the court's order has affected the calculation of time served. By way of this order, the court will clarify its intention as to what he should be receiving credit for.

> IT IS THEREFORE ORDERED that the record should reflect that the sentence the defendant has been serving in this matter has been one without a mandatory minimum sentence applicable. Even though the court did not enter an order until October 28, 2014, removing the mandatory minimum portion of the defendant's sentence, the record should reflect that the defendant should be given credit as if he had been serving a sentence without a mandatory minimum sentence, for the entire period of his incarceration.

The State moved to clarify this order, explaining that Coleman was contesting his earned-time accumulation rate and asking the court to make a specific determination in that regard. The State argued that it was the conviction for a crime listed in 902.12—and not the mandatory minimum imposed by that section—that controlled the earned-time accrual rate. In support of the motion, the State attached the district court decisions in *James v. State of Iowa*, No. PCCE078233 (Iowa Dist. Ct. Oct. 19, 2015), and *Breeden v. Iowa Department of Corrections*, No. CVCV049065 (Iowa Dist. Ct. May 11, 2015), which ruled that offenders resentenced after *Lyle* for crimes listed in 902.12 remained at the category "B" accumulation rate, even without a mandatory minimum sentence.

On March 22, the district court issued a ruling that Coleman's entire sentence was subject to the accelerated category "A" accumulation rate. The district court primarily relied on *Lowery v. State*, in which the Governor commuted an offender's sentence by removing the mandatory minimum. 822 N.W.2d 739, 740 (Iowa 2012). We held removal of the mandatory minimum changed the earned-time rate to category "A"[1] after the commutation order. *Id.* at 743. The district court stated,

---

[1]We noted that "it is generally well-settled that when an inmate's sentence is commuted, the new sentence replaces the former sentence." *Lowery*, 822 N.W.2d at 741. But because the Governor made clear in the language of the commutation that Lowery should not be eligible for release immediately, we determined Lowery was entitled to have earned time accrue at the accelerated rate only after the date of the commutation order. *Id.* at 743. "This result," we concluded,

> Just as with a governor commuting a sentence, [Coleman's] new sentence replaced the old sentence as of the day of the sentencing, giving the defendant the same status as if the sentence he had been serving had originally been for the corrected sentence. If the corrected sentence was the one he originally had begun serving, he would have been serving what would be classified as a Category A sentence, allowing him to earn 1.2 days for each day he demonstrated good conduct in prison.

The district court found that Coleman qualified for immediate release under the category "A" rate, but stayed its order to allow the State to appeal.

On March 29, we granted the State's request for discretionary review and stayed the district court's ruling. Coleman remains incarcerated.

## II.  Standard of Review.

"A challenge to an illegal sentence is reviewed for correction of legal errors." *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013). To the extent Coleman's claim raises constitutional issues, our review is de novo. *Id.*

## III.  Disposition.

Based on our holding today in *Breeden*, we affirm the district court's ruling requiring the IDOC to recalculate Coleman's earned time at the category "A" rate throughout his incarceration. ___ N.W.2d at ___.

**DISTRICT COURT JUDGMENT AFFIRMED.**

This opinion shall not be published.

---

gives effect to the governor's intention expressed in his commutation order . . . , but also gives effect—from the date of the commutation order forward—to the plain language of the statute which provides that inmates serving sentences with no mandatory minimums shall accumulate earned time at an accelerated rate.

*Id.*